```
                United States District Court
                  District of Massachusetts
```

|                              |   |                      |
|------------------------------|---|----------------------|
| **United States of America,**| ) |                      |
|                              | ) |                      |
| v.                           | ) |                      |
|                              | ) | Criminal Action No.  |
| **Shirley M. Daley,**        | ) | 19-10099-NMG         |
|                              | ) |                      |
| Defendant.                   | ) |                      |

**MEMORANDUM & ORDER**

**GORTON, J.**

The government has charged defendant Shirley Daley ("Daley" or "defendant") with theft of government money in violation of 18 U.S.C. § 641. It alleges that between June, 2005, and December, 2017, defendant stole approximately $319,000 in social security benefits.

Pending before the Court is defendant's motion to dismiss "so much of the indictment that alleges criminal activity outside the statute of limitations". For the following reasons, that motion will be denied.

I. **Background**

The government alleges as follows. Records from the Social Security Administration ("the SSA") show that defendant applied for, was assigned and received benefits under two different social security numbers ("SSN"). The first SSN, ending in 0234,

was assigned to defendant in 1967 and the second, ending in 8879, was assigned to her in 1971.

In or about March, 2001, defendant filed an application for Divorced Spouse's Benefits with the SSA based upon the earnings record of her ex-husband, Jerry Carr.  She indicated in that application ("the first application") that her name was Shirley M. Carr and that her SSN ended in 0234.  She also listed Shirley Maria Newry, Shirley M. Carr and Shirley M. Newry in the section titled "other names used".

Her application was approved soon thereafter and reclassified in March, 2005, as Widow's Benefits in response to Jerry Carr's death.  The benefits were initially paid to defendant via check from the United States Treasury but, beginning in or about October, 2011, they were paid via direct deposit into an account held by defendant and associated with the SSN ending in 0234.

In or about December, 2005, defendant applied for retirement benefits based upon her own earnings record, using the SSN ending in 8879.  She reported that her name was Shirley Daley and that she had also used the name Shirley Maria DaCosta. She did not, however, report any of the names listed in the first application, indicate that she had previously been married or that she had applied for benefits under another SSN.

The second application was subsequently approved and defendant began receiving payments in January, 2006. Ms. Daley never informed the SSA that she was receiving two different classes of benefits under two different names and SSNs. In March, 2019, a grand jury returned a one-count indictment charging Daley with theft of government money ($319,000 in social security benefits) in violation of 18 U.S.C. § 641.

II.  **Motion to Dismiss the Indictment**

In May, 2020, Daley moved to dismiss the indictment, in part, on statute of limitations grounds. That motion prompts this Court to reconsider this Session's prior determination that a violation of 18 U.S.C. § 641 is a continuing offense. See United States v. Trang Huydoan Phan, 754 F. Supp. 2d 186 (D. Mass. 2010).

   **A. Legal Standard**

Section 641 of Title 18 of the United States Code criminalizes the embezzlement or theft of any "money, or thing of value of the United States or any department or agency thereof". 18 U.S.C. § 641. The offense is punishable by imprisonment and a fine when the value of the governmental property converted is more than $1,000. § 641.

The statute of limitations for a violation of § 641 is five years. 18 U.S.C. § 3282(a). The government bears the burden of

proving that the prosecution began within the statute of limitations period. United States v. Ferris, 807 F.2d 269, 272 (1st Cir. 1986).

In general, the statute of limitations begins to run when each element of a crime has occurred, rendering that crime complete. Toussie v. United States, 397 U.S. 112, 111 (1970). The Supreme Court of the United States stated in Toussie, however, that the statute of limitations will be tolled in the limited circumstances in which an offense is deemed "continuing". Toussie, 397 U.S at 115.  An offense is considered "continuing" if:

> [1] the explicit language of the substantive criminal statute compels such a conclusion, or [2] the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.

Id.

Because none of the language in § 641 explicitly indicates that it relates to a continuing offense, the focus here is on the second form of such an offense.  It can be said that Congress intended a crime to be treated as a continuing offense if it involves "an ongoing course of conduct" which causes "harm that lasts as long as the course of conduct persists". United States v. Morales, 11 F.3d 915, 921 (9th Cir. 1993) (O'Scannlain, J., concurring).

**B. Application**

Defendant submits that a violation of § 641 does not inherently constitute a continuing crime pursuant to Toussie and, therefore, does not warrant the tolling of the statute of limitations.  In support of that contention, defendant cites a decision of the Seventh Circuit Court of Appeals in United States v. Yashar, 166 F.3d 873 (7th Cir. 1999) and opinions of certain magistrate and district judges in the First Circuit who relied on that decision. See United States v. Powell, 99 F. Supp. 3d 262 (D.R.I. 2015); United States v. Young, 694 F. Supp. 2d 25 (D. Me. 2010); United States v. Colon, No. 08-cr-10305 (D. Mass. Apr. 13, 2010); United States v. Bundy, No. 08-196, 2009 WL 902064 (D. Me. Mar. 31, 2009); see also United States v. Green, 897 F.3d 443 (2d Cir. 2018) (following Yashar).  For the reasons previously set forth in its Phan opinion, however, this Session is unpersuaded by those decisions. See 754 F. Supp. 2d at 189-90.

First, although the First Circuit has not yet addressed whether Toussie holds that a violation of § 641 is a continuing offense for statute of limitations purposes, it has found that

> embezzlement, by its very nature, contemplates that several separate transactions may form a single, continuing scheme, and may therefore be charged in a single count.

United States v. Daley, 454 F.2d 505, 509 (1st Cir. 1972).  The nature of the theft of government funds alleged here likewise

5

contemplates a single, continuing scheme which should be viewed as such under Toussie.

The government charges that, in the early 2000s, Daley submitted two separate applications for benefits with the SSA using different names and different social security numbers and misrepresenting, in the second application, that she had not previously applied for benefits with the agency. Based upon those misrepresentations, both applications were granted and, thereafter, she wrongfully received both Widow's Benefits and Retirement Insurance Benefits from the SSA each month for approximately 12 years. Each payment she received was part of the same, uninterrupted scheme to obtain government funds for which defendant was ineligible. That enterprise, moreover, resulted in the continuous conversion of government funds, i.e. tax dollars of citizens, which persisted until the payments stopped in December, 2017, well into the statute of limitations period. See Morales, 11 F.3d at 921 (continuing offenses involve "an ongoing course of conduct [which causes] harm that lasts as long as the course of conduct persists.")

Second, several other district judges in this District and Circuit, including this one, have recently determined that a violation of § 641 is a continuing offense in circumstances such as these. See, e.g., Phan, 754 F. Supp. 2d at 190 (finding a violation of § 641 to be a "continuing" offense where, as here,

6

"the violation consists of an uninterrupted scheme wrongfully to receive [SSA benefits] which continued well into the statute of limitations period".); United States v. Orlando, 358 F. Supp. 3d 160 (D. Mass. 2019) (Zobel, J.) (explaining that "[t]he theft of Social Security benefits is not ordinarily a one-time event, but rather is reduced to practice over days, months, or years of misrepresentation or omission that causes the unlawful receipt of benefits"); State v. Brunell, 320 F. Supp. 3d 246 (D. Mass. 2018) (Hillman, J.) (noting that "wrongfully receiving and spending SSA retirement benefits is a continuing crime"); United States v. Mijal, No. 17-cr-10009, Dkt No. 61 (D. Mass. Sept. 13, 2017) (Saylor, J.); United States v Boyer, No. 16-cr-10082, Dkt. No. 39 (D. Mass. Sept. 23, 2016) (Casper, J.). Defendant has presented no argument to dissuade this Court from its prior holding or to diverge from the sound decisions recently rendered by other judges in this District.

Accordingly, this Court finds that the nature of the charges against Daley constitutes a continuing offense, thereby warranting the tolling of the statute of limitations.  For that reason, defendant's motion to dismiss the indictment, in part, on statute of limitations grounds will be denied.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss the indictment (Docket No. 60) is **DENIED**.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge
Dated May 6, 2021