# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:19-CR-10099-NMG |
| ) | |
| SHIRLEY M. DALEY, ) | |
|     Defendant. ) | |

## GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE SOLICITATION AND ENCOURAGEMENT OF JURY NULLIFICATION

The United States of America, through its attorneys, Nathaniel R. Mendell, Acting United States Attorney, Special Assistant United States Attorney Karen Burzycki, and Assistant United States Attorney Charles Dell'Anno, hereby moves this Court for a ruling in *limine*, that the defense may not present argument during its opening statement, during trial, or in its closing regarding the reasons why the defendant left her prior country of residence, Honduras, to reside in the United States. The government also asks that this Court preclude argument as to the defendant's current age. Such evidence falls outside the definition of relevance under Fed. R. Evid. 401 and fails to meet the requirements to avoid exclusion under Fed. R. Evid. 403. Moreover, such encouragement or solicitation of jury nullification would be improper, impermissible, and pernicious to the rule of law.

It is the government's understanding that the defense may seek to introduce evidence at trial regarding her decision to immigrate to the United States. The defendant was admitted to the United States on August 13, 1967, from Honduras. She became a naturalized citizen of the United States on November 4, 1974. The circumstances underlying her decision to immigrate to the United States, nearly forty years before she engaged in the charged criminal conduct at issue in this case, are not germane to a determination of whether or not the defendant stole government

1

funds.  Similarly, the defendant's current age has no bearing whatsoever on any fact of consequence.  Introduction of such statements by the defense would serve no other purpose than to confuse the issues, engender improper sympathy, and solicit or encourage jury nullification.

The law is clear that jury nullification arguments are improper and impermissible. United States v. Appolon, 695 F.3d 44, 65 (1st Cir. 2012); United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) (noting that a judge cannot instruct the jury about nullification nor can a lawyer pique the jury's curiosity by raising the subject); see also United States v. Smith, Criminal No. 08-00389-WS, 2009 WL 692149, at *4 n.3 (S.D. Ala. Mar. 13, 2009) (citing United States v. Fuches, 135 F.3d 1405 (11th Cir. 1998) (recognizing that the "jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither nullification instruction nor a nullification argument to the jury")).  Further, in addition to arguments, "any effort" at trial by a defendant "to encourage or solicit jury nullification would be improper." Smith, 2009 WL 692149, at *4.

Jury nullification involves "a jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness." Black's Law Dictionary (11th ed. 2019).  Any argument by the defendant regarding the reasons why she immigrated to the United States or her current age are of no consequence in determining whether or not the defendant stole government money and would serve to invite jury nullification.

For the foregoing reasons, the government respectfully moves this Court to preclude the defense from presenting argument during its opening statement, during trial, or in its closing

regarding the reason(s) why the defendant left her prior country of residence, Honduras, to reside in the United States or her current age.

                                        Respectfully submitted,

                                        NATHANIEL R. MENDELL
                                        Acting United States Attorney

By:    */s/ Karen Burzycki*
        KAREN BURZYCKI
        Special Assistant U.S. Attorney

        */s/ Charles Dell'Anno*
        CHARLES DELL'ANNO
        Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 25, 2021, a copy of the foregoing <u>Government's Motion in Limine to Preclude Solicitation and Encouragement of Jury Nullification</u> was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        */s/ Karen Burzycki*
                                        KAREN BURZYCKI
                                        Special Assistant U.S. Attorney